UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BONNIE SUE FICKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10-cv-00497-JAW |
| | ) | |
| GOLDEN EAGLE RESTAURANT, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER STRIKING CONSENT TO MAGISTRATE JUDGE**

On February 7, 2010, counsel for the Plaintiff filed an untitled notice with the Court (dated February 8, 2011) stating that she consented to the Magistrate Judge's jurisdiction pursuant to 28 U.S.C. § 636(c). (Docket # 12). The Court STRIKES Plaintiff's pleading.

First, the pleading does not comply with Local Rule 73, which establishes a procedure by which the parties may consent to the exercise of Magistrate Judge jurisdiction. D. Me. Loc. R. 73. Once a civil action is filed, the Clerk delivers to the filing party a notice of the party's right to consent and a consent form "for execution by all the parties." *Id.* The Rule provides that the parties may return the form for filing "only if all parties or counsel consent to the exercise of such jurisdiction." *Id.* If a party declines Magistrate Judge jurisdiction, the Court is not to be informed "of the identity of the party." *Id.* The plaintiff's one-sided consent to the Magistrate Judge violates the Local Rule by filing the consent without execution by all the

parties and in so doing she has implicitly informed the Court of the other party's failure to consent.

Second, the pleading does not comply with the Magistrate Judge consent statute, which provides:

> Upon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil case, when specially designated by the district court or courts he serves.

28 U.S.C. § 636(c)(1). The consent requirement is of constitutional dimension. A magistrate judge is not an Article III judge, "lacking lifetime tenure and provided only statutory protections against reduction of salary." 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3071.1 (1997 ed.).

The consent of all parties satisfies this constitutional issue. *Peretz v. United States*, 501 U.S. 923, 936 (1991). However, it remains true that "consent is the lynchpin of the constitutionality of 28 U.S.C.A. § 636(c)." *Adams v. Heckler*, 794 F.2d 303, 307 (7th Cir. 1986). To satisfy the Constitution and § 636(c), the party's consent must be "clear, unequivocal, and unambiguous." *Holbert v. Idaho Power Co.*, 195 F.3d 452, 453 (9th Cir. 1999). In keeping with these precepts, consent under § 636(c)(1) may not be implied from a defaulting party. *Roell v. Withrow*, 538 U.S. 580 (2003); *Henry v. Tri-Servs.*, 33 F.3d 931, 933 (8th Cir. 1994) (holding that a Magistrate Judge did not have the authority to enter judgment against a defaulting party); *United States Fid. & Guar. Co. v. RR Enter. Inc.*, Civil No. 03-1338(SEC), 2006 U.S. Dist. LEXIS 79281 *3 (D.P.R. 2006).

2

Even though Ms. Fickett's consent to the jurisdiction of the Magistrate Judge is void, the Magistrate Judge does have the authority upon reference from the district court to hear evidence on the issue of damages and make a report and recommendation subject to de novo review by this Court. 28 U.S.C. § 636(b)(1)(B), (C).

The Court STRIKES the Plaintiff's untitled pleading filed under docket number 12. Pursuant to 28 U.S.C. §636(b)(1)(B), the Court REFERS this matter for hearing on damages before the United States Magistrate Judge for report and recommended decision.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 11th day of February, 2011