UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BONNIE SUE FICKETT,                )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )  1:10-cv-00497-JAW
                                   )
GOLDEN EAGLE RESTAURANT, et al.,   )
                                   )
    Defendants                     )

# RECOMMENDED DECISION
# RE: MOTION FOR ATTORNEY FEES
# (DOC. NO. 30)

Plaintiff's counsel has filed a timely motion for attorney's fees pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure and District of Maine Local Rule 54.2. The Court referred the matter for a recommended decision. I now recommend that the court grant the Rule 54(d)(2) motion and award attorney's fees in the amount of $4,447.50.

## Discussion

Default Judgment entered for Bonnie Sue Fickett on April 20, 2011, following a damages hearing held on March 22, 2011. Fickett sued the defendants on overtime and minimum wage claims brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, 216, and Maine's Wage Payment Statute, 26 M.R.S. §§ 663, 664, 670 (Counts I-IV of the Complaint). Pursuant to both statutes, in addition to a recovery for unpaid wages and liquidated damages, the court "shall include" in its judgment "costs of suit including a reasonable attorney's fee." 26 M.R.S. § 670; see also 29 U.S.C. § 216 (authorizing identical but not duplicative recovery). Fickett recovered judgment in the amount of $14,176.98 and as the prevailing party she is entitled to a reasonable attorney's fee award pursuant to the aforementioned statutory provisions.

Reasonable attorney's fees are typically calculated using the "lodestar method," which involves multiplying the number of hours productively spent by a reasonable hourly rate. Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008). The district court may adjust the hours claimed to eliminate time that was unreasonably, unnecessarily, or inefficiently devoted to the case. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

Fickett requests a fee award based on an hourly rate of $ 225.00 for services of lead counsel Adrienne S. Hansen of the law firm of Reben, Benjamin, & March. Attorney Hansen is an experienced litigator in Southern Maine in the field of employment law. (Hansen Aff. ¶ 3, Doc. No. 30-1.) Hansen has submitted affidavits from two other employment lawyers from the same geographic area who indicate that Hansen's hourly rate is reasonable and below what they charge for similar cases. (Fontaine Aff., Doc. No 30-4; Fox Aff., Doc. No. 30-4.)

Hansen accepted this wage case on a contingent fee basis, recognizing that she would not collect any fees if Fickett's suit was not successful. (Hansen Aff. ¶ 7.) Nevertheless, Hansen has not sought any fee enhancement to her customary billing rate. (Id.) The fees sought amount to slightly less than one-third of the total judgment of $14,176.98. Hansen's billing records indicate that she spent 21.10 hours on this case, including six hours attending to her court appearance[1] on March 22, 2011. (Doc. No. 30-2.) I am satisfied that 17.10 hours represents the amount of time that would be reasonably spent in terms of the tasks set forth in the billing records and therefore I recommend that the Court approve the motion as requested.

---

[1] It appears from the document that counsel discounted the four hours travel time and only billed $ 150.00 per hour for that period.

**Conclusion**

Plaintiff's motion for an award of attorney's fee is properly advanced and adequately supported. I RECOMMEND that the Court GRANT the motion (Doc. No. 30) in the amount of $4,447.50.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

May 23, 2011